Case 9:20-cv-00172-MJT   Document 2   Filed 08/13/20   Page 1 of 11 PageID #: 20

Filed: 7/14/2020 3:05 PM
Bobbye Richards
District Clerk
Polk County, Texas
Katey Nelson, Deputy

CAUSE NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 411TH DISTRICT COURT |
| | § | |
| VS | § | |
| | § | |
| LEARJET 31A BEARING SERIAL NUMBER 080 AND ASSIGNED AND DISPLAYING REGISTRATION/TAIL NUMBER N260RC | § § § § § § | OF |
| | § | POLK COUNTY, TEXAS |

## NOTICE OF SEIZURE AND INTENDED FORFEITURE

COMES NOW, the State of Texas as Plaintiff by and through her Assistant District Attorney, Tommy L. Coleman and files this Notice of Seizure and Intended Forfeiture of a Learjet 31A bearing serial number 080 and assigned and displaying registration/tail number N260RC, and alleges the following:

### I.

This proceeding is brought under and by virtue of Chapter 59 of the Texas Code of Criminal Procedure. Plaintiff alleges that discovery is intended to be conducted under Level 1 of Rule 190.3 of the Texas Rules of Civil Procedure.

### II.

Jurisdiction is conferred upon this Court by virtue of Article V, Section 8 of the Texas Constitution and Article 59 of the Code of Criminal Procedure.

### III.

Plaintiff complains of:

Rodolfo Javier Camarillo-Montemayor

Aircraft Guaranty Corporation

Aircraft Guaranty Trust, LLC

Aircraft Guaranty Holdings & Trust, LLC

Aircraft Guaranty Management & Trust, LLC

Aircraft Guaranty Corp., Trustee for Continent Aircraft Statutory Trust No. 2814

Camro Transportes, S.A. DE C.V.

ITRC, LLC

Debbie Mercer aka Debbie Lynn Erwin

**EXHIBIT B**

hereinafter referred to as Respondents, as possessors and/or owners of said Learjet 31A bearing serial number 080 and assigned and displaying registration/tail number N260RC.

### IV.

Plaintiff alleges that said property is contraband as defined by Article 59.01 of the Code of Criminal Procedure, and is subject to forfeiture by virtue of:

a) Being used in the commission of any first degree felony under the Penal Code, including, but not limited to:
   i. Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception);
   ii. Chapter 34.02 of the Texas Penal Code (Money Laundering); and
   iii. Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity)

b) Being used or intended to be used in the commission of a felony under Chapter 34 of the Texas Penal Code (Money Laundering)

c) Being used or intended to be used in the commission of a felony under Chapter 71 of the Texas Penal Code (Engaging in Organized Criminal Activity)

d) Being the proceeds gained from the commission a felony under the Penal Code, including, but not limited to:
   i. Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception);
   ii. Chapter 34.02 of the Texas Penal Code (Money Laundering); and
   iii. Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity)

e) Being acquired with proceeds gained from the commission a felony under the Penal Code, including, but not limited to:
   i. Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception);
   ii. Chapter 34.02 of the Texas Penal Code (Money Laundering);
   iii. Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity).

V.

Plaintiff, in the alternative, seeks the forfeiture of "substitute property" as set forth under Chapter 59.021 of the Code of Criminal Procedure, and alleges the substitute property is subject to forfeiture by virtue of the fact that the contraband:

a) Has been transferred, conveyed, sold to, or deposited with a person other than the owner or interest holder;
b) Is not within the jurisdiction of the court;
c) Has been commingled with other property and cannot be readily distinguished or separated; or
d) Is proceeds described by Article 59.01(2)(C) of the Code of Criminal Procedure and was used to acquire other property that is not within the jurisdiction of the court.

VI.

Plaintiff, in the alternative, seeks a suit for proceeds and a judgment in the amount of proceeds that are contraband under Chapter 59.023 of the Code of Criminal Procedure, and alleges that said proceeds were gained from the commission of an offense listed in Article 59.01(2)(A) or (B) of the Code of Criminal Procedure.

VII.

The Plaintiff files this Notice of Seizure and Intended Forfeiture in a district court of Polk County, Texas which is the county in which venue exists for prosecution of an underlying offense for which the property is subject to forfeiture.

VIII.

A copy of this notice will be served upon the Respondents, whose last known address is to be determined, in accordance with the Texas Rules of Civil Procedure.

IX.

Plaintiff attaches the sworn affidavit of the seizing officer as Exhibit A in accordance with Article 59 of the Code of Criminal Procedure.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon hearing, this Court enter a finding that the said Learjet 31A bearing serial number 080 and assigned and displaying registration/tail number N260RC is contraband, and upon such finding to order the forfeiture of said property to the State of Texas with the District Attorney's Office acting as agent for the State, and then to be administered and disposed of by said office in compliance with Article 59.06 of the Code of Criminal Procedure or in the alternative, order the forfeiture of "substitute property" as set forth under Chapter 59.021 of the Code of Criminal Procedure or award the Plaintiff a judgment in the amount of the proceeds that are contraband under Chapter 59.023 of the Code of Criminal Procedure.

Respectfully submitted,

*[signature]*

**Tommy L. Coleman**
State Bar No. 24034383
Assistant Criminal District Attorney
Polk Co. District Attorney's Office
101 West Mill Street, Suite 247
Livingston, Texas 77351
Tel: (936) 327-6868
Fax: (936) 327-6875

EXHIBIT A

State of Texas )
)
County of HARRIS )

## AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared Beau Price, who after being duly sworn stated:

"1. My name is Beau Price and I am currently employed as a Captain with the Polk County Constable Precinct 1 and Commander of South East Texas Export Investigation Group (SETEIG). SETEIG is a State Task Force group consisting of multiple counties and federal partners such as; Polk County Texas, Harris County Texas, Galveston County Texas, Department of Commerce Bureau of Industry Security Office of Export Enforcement; Immigration and Customs Enforcement, Homeland Security Investigations (HSI).

2. Affiant is a Master Peace Officer with over 22 years of experience. Affiant has assisted and directed hundreds of felony investigations, search warrants, seizures, and operations. Affiant has and is currently investigating multiple money laundering and counter-proliferation investigations, which involve investigating cases of sensitive technology being smuggled from the United States or turned over to foreign nationals without proper authorization from the appropriate government agencies. Affiant also investigates financial crimes, aviation smuggling, and other state and federal felonies occurring within the State of Texas.

3. Affiant has participated in and conducted investigations of violations of various state and federal criminal laws, including aviation smuggling cases and false statements to register an aircraft. Affiant has become familiar with the regulations for the lawful use of aircraft including, federal and Texas laws and regulations pertaining to their operation, registration, and record keeping. Affiant works directly with federal agents who have spent hundreds of hours engaged in observation, surveillance, inspection, and investigation of possible illicit activity involving aircraft. Affiant has consulted with special agents and other personnel assigned to the Federal Aviation Administration (FAA) about the rules and regulations related to the lawful operation and maintenance of aircraft, as well as common schemes used to circumvent these laws. Affiant

has also consulted with federal agents who have interviewed various airport personnel, including airport managers, mechanics, ground crew, radar operators, air traffic controllers, pilots, and airport-based United States Customs and Border Protection (CBP) agents.

4. This affidavit is based upon Affiant's personal involvement in the investigation, including the review of documents and other evidence and conversations with law enforcement officers and others. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a civil forfeiture seizure warrant, it does not include all the facts that Affiant has learned during the course of this investigation.

5. This Affidavit is submitted in support of an application for the issuance of a civil forfeiture seizure warrant for one Learjet 31A bearing serial number 080 and assigned and displaying registration/tail number N260RC (hereinafter "Learjet"); and all maintenance/inspection logs, flight operation logs, FAA Issued Certificate of Registration, and other records required to be maintained for General Aviation Aircraft, commonly known as the "Log Book" for the Learjet, which is currently located at Brownsville South Padre Island International Airport, in Brownsville, Texas.

6. Based on Affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that the individuals involved in the scheme set forth in this affidavit violated, among other things, Chapter 34 of the Texas Penal Code (Money Laundering), Title 49 of the United States Code § 46306(b)(4) (Aircraft Registration Violations), Title 18 of the United States Code § 554 (Fraudulent Export), Title 13 of the United States Code § 305 (Unlawful Export Activities), Title 50 of the United States Code § 4819 (Export Administration Regulations), Title 18 of the United States Code § 1001(Fraud), Title 26 of the United States Code § 7201 (Attempt to Evade Tax) and Title 18 of the United States Code § 1957 (Racketeering).

7. Affiant found that Aircraft Guaranty Corporation (AGC) was an entity located at 2058 FM 356 North, in Onalaska, Texas and that maintained multiple post office boxes in Onalaska, Texas. Onalaska, Texas is wholly contained in Polk County Texas. Affiant found that this

company was owned by Debbie Mercer. Affiant along with Department of Commerce Bureau of Industry and Security Special Agent Payton began an investigation into AGC. Affiant found a Dallas Business Journal article where Mercer was quoted as saying "Aircraft Guaranty offers Owner Trustee services that allow entities who do not meet FAA citizenship requirements to register aircraft in the United States."

8. After reviewing this article, AGC's websites, social network profiles, and U.S. Government export data bases, Affiant along with Participating Agent (PA) Payton contacted Mercer and in response she contacted legal counsel. PA Payton subpoenaed Mercer/ AGC for all aircraft registered to AGC and received a spreadsheet with 2934 aircraft under an AGC trust. Only 54 aircraft are listed under the jurisdiction of the United States.

9. Affiant found that according to the Homeland Security Investigations (HSI), many of these accounts represent aircraft that do not exist, "Ghost Planes". Several aircraft under AGC trusts are linked to multiple federal investigations for drug smuggling operations and several aircraft have crashed oversees. In 2013, an audit by the Office of Inspector General for the Department of Transportation (DOT) estimated that about 5,600 planes lacked key information about true ownership. AGC was one of five trustees audited in this report.

10. Affiant found that one aircraft Mercer registered was identified as the Learjet which is the subject of this investigation. Further investigation revealed that the purported owner of record for the Learjet is Rodolfo Javier Camarillo Montemayor. Affiant found that Montemayor is a foreign national and citizen of Mexico who is otherwise prohibited from owning a U.S. registered aircraft.

11. Affiant found a person may operate an aircraft in the United States only when the aircraft is registered, according to Title 49 of the United States Code § 44101. To register and obtain a certificate of registration for an aircraft, the owner of an aircraft must apply for and meet the requirements of Title 49 of the United States Code § 44102.

12.  Affiant reviewed documents maintained by the FAA related to a purported sale of the Learjet. The documents indicate that AGC purchased the Learjet on or about November 7, 2017. Additionally, the documents indicate that Rodolfo Javier Camarillo Montemayor is the "Manager" of Continent Aircraft Statutory Trust No. 2814 and that AGC is "Trustee" for the Learjet. During the course of this investigation, Affiant did not find documentation that indicates AGC filed the legally required export documentation. AGC is listed as the most recent owner of the Learjet in multiple documents filed with the FAA, including but not limited to a 2018 "Major Repair" form, a 2017 Aircraft Registration Renewal Application and a 2017 Aircraft Bill of Sale.

13.  Furthermore, Affiant reviewed certain documents maintained by AGC and found that a Texas Aircraft Exemption Certificate Out-of-State Registration and Use form 01-907 completed by AGC, POB 2547 Onalaska, Texas 77360 reflected the purported purchaser of the Learjet is AGC (Trust 2814) and that the purported seller is ITRC, LLC, 8 The Green, Suite B, Dover Delaware. This document is signed by Montemayor and dated October 30, 2017. The documents reflect a purported purchase price for the Learjet of $635,000.00. Affiant found this document declares that the Learjet will be registered in Onalaska, Texas, and that it would not be utilized in Texas. Affiant found the document to declare that the location of the Learjet would be Monterrey, Nuevo Leon, Mexico.

14.  Affiant reviewed a document entitled *United States of America U.S. Department of Transportation FAA Aircraft Bill of Sale* from 2017 reflecting AGC as the purported "purchaser" of the Learjet and ITRC, LLC, as the purported "seller". The documents were signed by Montemayor.

15.  Affiant reviewed a document entitled *AGC Addendum to Lease/Operating Agreement* related to the Learjet dated October 20, 2017 and found that the documents reflected "Cametra A Columbia Km 9 No. 100, Col. Andres Caballero, Escobedo, Nuevo Leon, Mexico" and "ICAO indentifier and name of airport where aircraft is normally based is Aeropuerto Internacional Del Norte MMAN". This further indicates that the Learjet was exported unlawfully.

16. Affiant found that on January 31, 2020, Department of Commerce Bureau of Industry and Security Special Agent Stevens, identified the, Learjet, which is the subject of this investigation in Brownsville, Texas preparing to depart to Monterrey, Mexico.

17. SA Mack reviewed export data maintained by the U.S. Government and was unable to find Electronic Export Information (EEI) filed for this Learjet by any party. After which, the SA Mack issued a detention letter for the Learjet.

18. A January 2020 determination by the Office of Chief Counsel for the Department of Commerce-Bureau of Industry and Security, indicated that aircraft, operated outside of the United States for more than one year, with no export declaration on file, constitutes a violation of federal law. Affiant's investigation indicates that the Learjet in this case has been operated outside of the United States for more than three years.

19. A review of government records indicates that the Learjet has been in the United States for only sixty six (66) days during the time frame of January 2019 to January 2020. Further review revealed that forty (40) of the sixty six (66) days appears to have been for maintenance of the Learjet. A check of FAA records did not reveal any deregistration requests or documentation related to the export of the Learjet to Mexico.

20. As part of Affiant's investigation, Affiant reviewed documents that appear to represent a purported sale of the Learjet in 2017 from Mesccalero to an entity known as ITRC, LLC for $635,000.00. This transaction, if legitimate, would have been subject to a State of Texas sales tax. Additional documents reviewed by Affiant reflected a purported sale of the Learjet by ITRC, LLC to AGC for $650,000.00. This transaction, if legitimate, would have been subject to a State of Texas sales tax. It should be noted that the Texas Comptroller's Office has the ability to assess a 10% late penalty and a 50% fraud penalty per transaction. Affiant estimates the total amount of sales tax due in Texas would be more than $39,000.00. Affiant estimates that the Texas Comptroller's Office could assess a total late penalty of $3,900.00 and a total Fraud Penalty would be more than $19,000.00. The total, potential fine amount associated with the applicable criminal law violations that the subjects of this investigation face is $2,000,000.

21. Agents with the United States Department of Commerce-Bureau of Industry Security (BIS) queried certain databases that maintain records related to export filings and found no records related to the Learjet. Export regulations ordinarily require an Electronic Export Information declaration (EEI) for items valued over $2,500.00 which are ultimately exported from the United States and/or a licensing determination for any items that may be deemed sensitive exports. These sensitive exports include items that are single and dual use items with military applications and are commonly found in aviation components. Affiant found that the Automated Export System (AES) showed no export documentation for the Learjet.

22. Aircraft Guaranty Financial Corporation has numerous links to a situs in Onalaska, Texas which is wholly contained in Polk County Texas and said links include the maintenance of two post office boxes (PO Box 2547 and 2549, Onalaska, TX 77360) and conducting business operations at the physical location of 2058 N FM 356, Onalaska, Texas 77360.

23. Based on the totality of the circumstances as indicated above and my training and experience, I formed the opinion that the individuals involved in this scheme violated numerous state and federal laws, including but not limited to, the statutory provisions listed in paragraphs 6 and 11 above. Additionally, Affiant believes Learjet 31A bearing serial number 080 and assigned and displaying registration/tail number N260RC is/was being operated without a valid Certificate of Registration in violation of federal law. Furthermore, the Learjet was effectively exported from the United States in violation of federal law. The individuals involved in this scheme, acquired or maintained an interest in the Learjet, concealed, possessed, transferred or transported the proceeds of said criminal activity in violation of Chapter 34.02 of the Texas Penal Code. The individuals involved in this scheme conducted, supervised or facilitated a transaction involving the proceeds of said criminal activity in violation of Chapter 34.02 of the Texas Penal Code. The individuals involved in this scheme invested, expended or received or offered to invest, expend or receive the proceeds of criminal activity. The individuals involved in this scheme financed, invested or intended to finance and/or invest funds that they believed or intended to further the commission of the aforementioned violations of federal law and in so doing also violated Chapter 34.02 of the Texas Penal Code."

_____
Beau Price

**SWORN TO AND SUBSCRIBED** before me on this 14 day of JULY 2020.

Sheena Moore
Notary Public in and for
The State of Texas

My Commission Expires: 06/14/2024

SHEENA MOORE
Notary Public, State of Texas
Comm. Expires 06-14-2024
Notary ID 129021324